UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

ANDREW LEWIS,                          §
    Petitioner                     §
                                   §
VS.                                    §
                                   §
BOBBY LUMPKIN,                         §   CIVIL NO. 9:23-cv-185-MAC-CLS
DIRECTOR,                              §
TEXAS DEPARTMENT                       §
OF CRIMINAL JUSTICE,                   §
CORRECTIONAL                           §
INSTITUTIONS DIVISION,                 §
    Respondent                     §

## PETITIONER'S REPLY TO RESPONDENT'S ANSWER

TO THE UNITED STATES MAGISTRATE JUDGE CHRISTINE L. STETSON:

Andrew Lewis files Petitioner's Reply To Respondent's Answer and would show as follows:

## INTRODUCTION

Petitioner was convicted of intentionally causing serious bodily injury to a child and sentenced to life imprisonment based on the opinion testimony of Drs. Marcella Donaruma and Randell Alexander that he inflicted a traumatic brain injury (TBI) on his infant daughter, A.L., *after* he gave her a bottle on the morning of March 25, 2014. The doctors hypothesized that, based on petitioner's statement to hospital personnel—that he gave A.L. a bottle, she shrieked, he tried to burp her, and she went limp—the

1

TBI had to be inflicted *after* he gave her the bottle because she would not have been able to take the bottle if she had a TBI.

Petitioner's trial counsel, John Tunnell, did not consult with or call a medical expert to testify to (1) whether A.L. actually sustained a TBI and, if so, (2) whether the time it was inflicted could be determined. Additionally, Tunnell did not confront Drs. Donaruma and Alexander with hospital records reflecting that A.L. had normal sucking and feeding at 9:50 a.m. and took a bottle at 12:30 p.m.—which she could not have done if she had a TBI.

Petitioner filed a state habeas corpus application alleging, *inter alia*, that Tunnell was ineffective in failing to consult with and call medical experts. A pediatrician, Dr. Don Schaffer, and a radiologist, Dr. Frank Powell, testified at the evidentiary hearing that there was no evidence that A.L. sustained a TBI that morning. The state habeas trial judge—who had presided at the trial—recommended a new trial after concluding that the jury probably would not have convicted petitioner of this first degree felony offense had Tunnell presented expert testimony.[1] However, the Texas Court of

---

[1]The jury also convicted petitioner on two counts of recklessly causing serious bodily injury to a child (involving two previous fractures). The trial court recommended that relief be denied on those convictions even though there was no evidence that petitioner inflicted those injuries.

Criminal Appeals (TCCA) denied relief after concluding that petitioner did not prove Strickland prejudice.[2]

Petitioner filed an untimely federal habeas corpus petition alleging, *inter alia*, that the TCCA's decision that Tunnell was not ineffective involved an unreasonable application of Supreme Court precedent and/or was based on an unreasonable determination of the facts.[3]  Petitioner seeks to overcome the AEDPA time bar by making a credible showing of actual innocence under McQuiggin v. Perkins, 569 U.S. 383 (2013), and Schlup v. Delo, 513 U.S. 298 (1995).

Respondent's defense of the TCCA's decision is based on two faulty premises. First, respondent contends that the TCCA's denial of relief means that it did not believe petitioner's experts and that it rejected the trial court's findings of deficient performance.  Second, respondent contends that the federal courts are bound by the TCCA's "no prejudice" legal conclusion.  As petitioner will demonstrate, respondent is incorrect in both respects.

---

[2] Strickland v. Washington, 466 U.S. 668 (1984).

[3] Petitioner's family hired state habeas counsel after the one-year AEDPA deadline had expired.

**THE STATE HABEAS TRIAL COURT'S FINDINGS OF DEFICIENT PERFORMANCE SURVIVE THE TEXAS COURT OF CRIMINAL APPEALS' LEGAL CONCLUSION OF "NO PREJUDICE."**

Respondent asserts that the TCCA, by denying relief, "necessarily rejected" the state habeas trial court's findings of deficient performance. Answer at 33-34. Respondent states that the TCCA "*explicitly* invoked its authority to supplant the trial courts [sic] findings and conclusions, when it noted that its 'independent review of the record reveals circumstances that contradict or undermine the trial judge's findings.'" Answer at 35. Respondent quotes the TCCA out of context.

The TCCA, after noting that it usually defers to a trial court's finding of fact, stated that, when its "independent review of the record reveals circumstances that contradict or undermine the trial judge's findings, we may exercise our authority to enter contrary findings and conclusions." Order at 2. The TCCA observed that the trial court found and concluded that "no reasonable trial strategy could justify defense counsel's omission in failing to call a pediatrician or radiologist to impeach the State's doctor's testimony. However, Applicant has not shown prejudice." Id. The TCCA did not reject any of the trial court's fact-findings and left intact the findings that Tunnell performed deficiently. Instead, the TCCA denied relief based solely on petitioner's alleged failure to prove Strickland prejudice. Thus, the trial court's

4

findings regarding deficient performance are presumptively binding on the federal courts. See Burden v. Zant, 498 U.S. 433, 436-37 (1991) (per curiam).

Respondent further asserts that the TCCA would have granted relief had it believed petitioner's expert testimony. Answer at 37-38. The TCCA's Order does not state that it did not believe their testimony. Rather, the TCCA concluded that the jury would have convicted petitioner, even had it heard their testimony, in view of other evidence presented at the trial. Order at 3.[4] This conclusion is objectively unreasonable.

Respondent—after arguing that the TCCA did not believe petitioner's experts and "necessarily rejected" the trial court's findings of deficient performance—asserted with regard to the issue of prejudice, "To the extent that the Order shows the TCCA was silent regarding *Strickland* deficiency, AEDPA's powerful relitigation bar nevertheless applies to the prejudice component." Answer at 41. Respondent's concession that the TCCA did not address deficient performance undermines its argument that the TCCA did not believe petitioner's experts and "necessarily rejected"

---

[4] For example, the TCCA cited the testimony of Ivan Tapia, the EMT who responded to the 911 call, that "all [A.L.'s] movements tracked to the left side," which led him to believe that she had a brain injury. The TCCA omitted that Tapia testified at trial that he became an EMT in July 2013 (eight months before the incident) (3 R.R. 59-60). Tapia's partner, a paramedic, assessed A.L. because Tapia was just a "basic" EMT who does "what he tells me to do" (3 R.R. 62-63, 75). When Tapia testified that the fact that A.L.'s movements tracked to the left side indicated that she had a brain injury "based on my education," the judge commented that Tapia had not been qualified as an expert to assess a brain injury (3 R.R. 69-70). This is a prime example of the TCCA's failure to consider the probable impact that petitioner's expert testimony would have had on the jury had Tunnell presented it at trial.

the trial court's findings of deficient performance. Accordingly, the trial court's findings of deficient performance remain intact for purposes of the federal proceeding.

**THE TEXAS COURT OF CRIMINAL APPEALS UNREASONABLY APPLIED CLEARLY ESTABLISHED SUPREME COURT PRECEDENT AND/OR UNREASONABLY DETERMINED THE FACTS IN CONCLUDING THAT PETITIONER FAILED TO PROVE PREJUDICE.**

As a threshold matter, respondent relies on Evans v. Davis, 875 F.3d 210, 216 (5th Cir. 2017), for the proposition that section 2254(d) requires a federal habeas court to "determine what arguments or theories supported or, … *could* have supported, the state court's decision." Answer at 29. The Supreme Court overruled Evans *sub silentio* in Wilson v. Sellers, 138 S.Ct. 1188, 1191-92 (2016) ("Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims,' *Hittson v. Chatman*, 576 U.S. _____, _____, 135 S.Ct. 2126, 2126, 192 L.Ed.2d 187 (2015) (Ginsburg, J., concurring in denial of certiorari), and to give appropriate deference to that decision, *Harrington v. Richter*, 562 U.S. 86, 101-02, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). This is a straightforward inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion. In that case, a federal habeas

6

court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable. We have affirmed this approach time and again.") (citing cases).

**A.      The TCCA Unreasonably Concluded That The Jury Would Have Convicted Petitioner Had Trial Counsel Presented Expert Testimony.**

Dr. Donaruma testified for the State at trial that a child with a TBI is not an "effective feeder" because it takes coordination to suck and swallow (4 R.R. 40, 62). A child with a TBI cannot "coordinate a feeding event" because she loses the ability to swallow (4 R.R. 46-48). Dr. Donaruma believed that A.L. sustained a TBI after she took the bottle, when petitioner admittedly was alone with her (4 R.R. 41).

Dr. Randell Alexander testified for the State at trial that a child with a TBI can suck but cannot swallow (4 R.R. 138-39). He believed that A.L. sustained a TBI "around the time of the described feeding" (4 R.R. 139).

Respondent asserts that petitioner did not prove that A.L.'s symptoms could not have dissipated to enable her to feed at the hospital later that morning. Answer at 47-49. Respondent boldly asserts, "It should come at no surprise that the TCCA found Drs. Schaffer's and Powell's testimony incredible." Answer at 49. It should come as no surprise that respondent did not provide any record citation for that statement, as the TCCA made no such finding.

Dr. Schaffer testified at the evidentiary hearing that, had A.L. sustained a TBI

7

on the morning of March 25, 2014, she could not have had normal sucking and feeding an hour later and taken a bottle three hours after that (1 H.R.R. 161). Dr. Powell testified that, had A.L. sustained a TBI that morning, she could not have been feeding normally at 9:50 a.m. and 1:30 p.m. (1 H.R.R. 170-71). The State did not call Dr. Donaruma, Dr. Alexander, or any other doctor to contradict these opinions and did not present testimony that a child can take a bottle an hour after she suffers a TBI. Thus, there was uncontroverted expert testimony to support the trial court's findings that petitioner did not inflict a TBI on A.L. after she took a bottle on March 25, 2014 (1 H.C.R. 461, 469-71). The TCCA unreasonably concluded that the jury would have convicted petitioner had Tunnell presented expert medical testimony.[5]

Respondent acknowledges that Drs. Donaruma and Alexander agreed that A.L. sustained a TBI in January 2014. Answer at 20. However, respondent conveniently ignores that petitioner was not at home on January 26, 2014, when his wife, Amber, called 911 after A.L. started choking while Amber's best friend was giving her a bottle (4 R.R. 188-89, 192). Dr. Alexander testified that there is a statistical likelihood that only one person abused A.L. (4 R.R. 129-30). Thus,

---

[5] Respondent seeks to minimize the significance that Drs. Donaruma and Alexander attached to petitioner's description of the events that led them to believe that he inflicted a TBI on A.L. that morning. Respondent asserts that petitioner's description of A.L's "sudden inability to effectively feed [was] one of *several* symptoms supporting their conclusion that A.L. suffered a brain injury" while she was alone with petitioner (emphasis added). Answer at 47, 49. Respondent is incorrect. Although Donaruma and Alexander noted A.L.'s other injuries, petitioner's description of A.L.'s inability to feed was the linchpin for their opinion that the "brain injury" occurred after he gave her a bottle.

assuming *arguendo* that A.L. sustained a TBI in January—which, almost certainly, she did not—Amber or her friend inflicted it.

## B.      Everything Else Is Gravy.

Respondent complains about several other state habeas trial court findings, such as that A.L.'s brain was not injured as a result of her being shaken (1 H.C.R. 469-70). Respondent asserts that, because Drs. Donaruma and Alexander did not diagnose Shaken Baby Syndrome (SBS), Tunnell had no reason to call an expert to refute a diagnosis that was not made. Answer at 42-45. Donaruma testified that A.L.'s brain injury was "consistent with holding a screaming child around the chest and shaking her until she stopped screaming" and likely was caused by a whiplash, which could result from her being shaken (4 R.R. 34, 44). Alexander testified that this type of TBI typically is caused by a combination of shaking and impact (4 R.R. 143-44). Their testimony described SBS, even though they did not label it as such. Thus, the state habeas trial court correctly found that Tunnell should have called an expert to refute this opinion.

However, at the end of the day, this is a red herring. What matters is whether A.L. sustained a TBI when petitioner was alone with her on March 25, 2014— whether from being shaken, struck, or both. Drs. Schaffer and Powell testified that A.L. did not sustain a TBI, supported their opinion with the hospital records, and credibly testified that she probably had a seizure disorder—which would explain the

9

seizure that occurred in January 2014 when petitioner was not at home. Dr. Powell testified that the medical imaging established that A.L. had no brain injury, which was consistent with the Texas Children's Hospital radiology report (1 H.R.R. 167-69). The state habeas trial court believed them, and the TCCA did not reject their testimony. Petitioner was prejudiced because the jury did not hear "the rest of the story" with regard to the alleged TBI. Accordingly, petitioner proved <u>Strickland</u> prejudice.[6]

---

[6] Respondent contends that petitioner's failure to provide record citations for Dr. Donaruma's "supposedly misleading testimony" regarding the significance of the old and new collections of blood over the brain waives claim 1(d). Answer at 53. Respondent is incorrect. Petitioner's claim 1(d) involves <u>Strickland</u> prejudice. Petitioner's Brief at 28. The portion of petitioner's brief that respondent cites is encompassed within claim 1(a). Petitioner's Brief at 22. Although petitioner set forth the record citations for the misleading portion of Dr. Donaruma's testimony on page 6 (4 R.R. 21, 24, 27-28), he did not repeat them on page 22. Thus, this issue was adequately briefed. However, for the reasons set forth above, it is a red herring because the ultimate issue is whether A.L. sustained a TBI when petitioner was alone with her on March 25, 2014.

## CONCLUSION

Petitioner requests that the Court grant habeas corpus relief and order that he be released from custody unless the State of Texas provides a new trial with a specified amount of time.

Respectfully submitted,

*/s/Randy Schaffer*_____
Randy Schaffer, P.C.
State Bar No. 17724500

1021 Main St., Suite 1440
Houston, Texas 77002
(713) 951-9555
(713) 951-9854 (facsimile)
noguilt@schafferfirm.com

Attorney for Petitioner
ANDREW LEWIS

## CERTIFICATE OF SERVICE

I electronically filed this document with the District Clerk for the Eastern District of Texas on February 16, 2024, using the electronic filing system of the court, and electronically served Joseph P. Corcoran, assistant attorney general, P.O. Box 12548, Capitol Station, Austin, Texas 78711.

*/s/ Randy Schaffer*_____
Randy Schaffer

11